MAYER, Circuit Judge,
dissenting.
I respectfully dissent because the Court of Appeals for Veterans Claims has imper-missibly failed to apply 38 C.F.R. § 3.343(a) to Reizenstein’s retroactive staged ratings. The text of the regulation is clear: “[t]otal disability ratings ... will not be reduced, in the absence of clear error, without examination showing mate *1339 rial improvement in physical or mental condition.” This rule is neither permissive, optional, or discretionary, nor does it state any exception for staged ratings.
After requesting supplemental briefing from the Department of Veterans Affairs, the Veterans Court accepted its litigation inspired position that section 3.343(a) does not apply to staged ratings because “the concept of a staged rating necessitates that some incremental time periods are rated as less than total based on the evidence of record,” and because staged ratings are applied retrospectively while section 3.343(a) is prospective in nature. In support of its conclusion, the court cited not the current section 3.343(a), but the title of its March 27, 1934, ancestor, Instruction 3, Paragraph 5 of Veterans Regulation Number 3, which read “Continuance of total disability ratings heretofore made.” It reasoned that the presence of the word “heretofore” suggests that the regulation was intended only for prospective ratings (the only kind that existed at the time) and carried forward this limitation to today’s regulation, which bears a different title. Reizenstein v. Peake, 22 Vet.App. 202, 207 (2008).
Prospective or retrospective, the regulation is as clear as it is functional, and I do not see anything that allows this court to ignore the unambiguous language that total disability ratings will not be reduced outside prescribed conditions. The nature of applying staged ratings retrospectively in no way disables the board from complying with section 3.343(a) by applying a 100% rating where warranted and maintaining the rating until such time as there has been an examination showing material improvement in physical or mental condition. This is consistent with the need for retroactive ratings in the first place: a retroactive rating is granted by standing in the position of a veteran on the date of his claim, then looking forward from that point.
The majority says that the department is not excused from providing its reasons for all changes in disability ratings, regardless of whether the change is prospective or retrospective. I agree, and that is precisely what is required by section 3.343(a) because the reasons would necessarily include a medical examination. The majority should apply this holding to Ronald Reizenstein’s situation as well.
Furthermore, I cannot agree with the majority’s reasoning that a regulation can be ignored when its application would not further the policy goals judges decide were intended by the promulgation of the regulation. This makes a mockery of the literal text and invites the judiciary to cherry-pick among policies purportedly the source of the regulation even though the text speaks for itself.
Of course we must defer to an agency’s interpretation of its own regulations, unless the interpretation is “plainly erroneous or inconsistent with the regulation.” Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). But, surely, ignoring the regulation is inconsistent with the regulation.